UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TABETHA RADER, *as Administratrix of the Estate of James Hook*, | ) ) ) ) |
| Plaintiff, | ) ) |
| V. | ) ) ) |
| PRINCIPLE LONG TERM CARE, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

Civil No. 5:19-cv-00487-GFVT

**MEMORANDUM OPINION**
**&**
**ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on two motions: Defendant Doris Ecton's Motion to Dismiss and Plaintiff Tabetha Rader's Motion to Remand. [R. 10; R. 11.] These motions concern certain inextricably linked procedural issues which, on the whole, are easily resolved. For the reasons that follow, Defendant Ecton's Motion to Dismiss is **GRANTED** and Plaintiff Rader's Motion to Remand is **DENIED** without prejudice.

**I**

First, for purposes of clarity, it is necessary to briefly set out the relevant procedural history. Ms. Rader originally filed suit against Defendants in Nicholas County Circuit Court on November 21, 2019. [*See* R. 1-1 at 3.] As administratrix of her father's estate, Ms. Rader brought various tort claims against Defendants, stemming from their alleged negligence when caring for her father, James Hook, at Johnson Mathers Nursing Homes. *Id.* at 7–21. In her original complaint, Ms. Rader named Doris Ecton as a Defendant, "upon information and belief" that she was administrator of the nursing home during Mr. Hook's time there. *Id.* at ¶ 8.

On December 16, 2019, Defendants removed the action to this Court on the basis of

diversity of citizenship. [R. 1 at 2.] The next day Defendant Ecton filed a motion to dismiss, arguing that she was not a proper defendant because she retired from the nursing home over five months before Mr. Hook moved in. [R. 10 at 2.] Ms. Rader, upon learning of the timing of Ms. Ecton's retirement, filed an Amended Complaint in *state court* on December 18, 2019—two days after Defendants effected removal—which replaced Ms. Ecton as Defendant with two other Kentucky residents: Truly Pennington and Joni Gosser, in their capacities as administrators of Johnson Mathers Nursing Home. [R. 11 at 2.] Ms. Rader then filed a motion to remand in this Court on January 6, 2020, arguing that the addition of Ms. Pennington and Ms. Gosser, as Kentucky residents, "destroys this Court's diversity jurisdiction." [R. 11 at 2–3.] Defendants maintain that federal jurisdiction is proper in this case because Ms. Ecton was not a properly named defendant to begin with and Ms. Rader's attempt to amend in state court was ineffectual.

## II

### A

"After a removal of an action, a federal court acquires total, exclusive jurisdiction over the litigation." *Crummie v. Dayton-Hudson Corp.*, 611 F. Supp. 692, 693 (E.D. Mich. 1985) (citing *French v. Hay,* 89 U.S. (22 Wall.) 238 (1875)). A "filing of an amended complaint in state court subsequent to the removal of the cause [is] of no effect." *Id.* Thus, the only state court pleadings a federal court can consider are those filed prior to removal. *Id.*

In light of these established principles, it is clear Ms. Rader's course of action was procedurally flawed. Her attempt to amend her complaint in state court occurred after the action was removed to this Court and, therefore, is "of no effect." *Id.* This established, for purposes of Ms. Ecton's Motion to Dismiss and Ms. Rader's Motion to Remand, the only complaint this Court can review is the original complaint.

**B**

The Court first turns to Ms. Ecton's Motion to Dismiss. Here, Ms. Rader has effectively conceded that Ms. Ecton is not a proper defendant in this action, given that she retired prior to Mr. Hook's stay at the nursing home.[1] Indeed, in her Motion to Remand Ms. Rader explains that she has attempted to replace Ms. Ecton as a defendant, albeit via her ultimately ineffectual state court amended complaint. [*See* R. 11 at ¶ 6.] Relatedly, she has not offered any argument in opposition to Ms. Ecton's dismissal. For these reasons, Ms. Ecton's Motion to Dismiss must be **GRANTED**.

**C**

Analysis of Ms. Rader's Motion to Remand is similarly straightforward. On this motion, the Court first reiterates an important clarification already established above. Ms. Rader's attempt to amend her complaint in state court after removal, adding additional Kentucky residents, "was of no effect." *Crummie*, 611 F. Supp. at 693. Thus, the Court's inquiry as to the propriety of Defendants' removal, including the complete diversity requirement, will properly focus only on the parties included in the original complaint. This in mind, the Court now turns to the substance of this inquiry.

Generally, when an action is removed based on diversity there must be complete diversity at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). However, the judicially created doctrine of fraudulent joinder "provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Pursuant to this doctrine, the presence of the non-diverse defendants "will not defeat removal on diversity grounds" where the removing party presents "sufficient evidence that

---

[1] The Court has no reason to doubt Ms. Ecton's affidavit in which she represents that her employment at the nursing home ended over five months before Mr. Hook's stay. [R. 10-1 at ¶¶ 3–4.]

3

a plaintiff could not have established a cause of action against [the] non-diverse defendants . . ..." *Coyne*, 183 F.3d at 493 (citation omitted). The plaintiff's motive is immaterial; the "question is whether a claim could be stated against the party, not why the plaintiff joined the party." *See Cibik v. Kmart Corp.*, No. 1:05 CV 923, 2005 WL 8166148, at *3 (N.D. Ohio Aug. 29, 2005).

In the original complaint, Ms. Ecton was the only non-diverse Defendant named.[2] [*See* R. 1-1 at ¶6; R. 10-1 at ¶ 2.] But, in light of the fraudulent joinder doctrine, Ms. Ecton's presence is irrelevant because it is clear that Ms. Rader could not have stated a legitimate claim against her. As pled, the claims against Ms. Ecton stem from her alleged failures to effectively manage and supervise nursing home staff during Mr. Hook's stay—a stay that occurred when Ms. Ecton was already retired. [*See* R. 1-1 at 15-21; R. 10-1 at ¶ 4.] To this point, as noted, Ms. Rader has effectively conceded that Ms. Ecton was an improper defendant from the start. [*See* R. 11 at ¶ 6.]

Ms. Ecton aside, complete diversity exists between the parties. As a result, Ms. Rader's Motion to Remand, based solely on the contention that there is a lack of complete diversity, is **DENIED** without prejudice.

**D**

Given the circumstances, the Court will allow Ms. Rader to attempt to properly amend her complaint. To do so, she must file an appropriate motion seeking leave. *See* Fed. R. Civ. P. 15(a)(2). At that point, the Court will then apply 28 U.S.C. § 1447(e) to determine whether the amendment to the complaint should be allowed. *See Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 942 (E.D. Ky. 2014) (citation omitted). Ms. Rader is granted **up to and including Friday, May 1, 2020** to file any such motion seeking leave to amend. Defendants may then respond in

---

[2] Aside from Ms. Ecton, the only remaining Defendants are North Carolina residents who are, of course, diverse from Ms. Rader, a Kentucky resident. [R. 1-1 at ¶¶4–7; R. 1 at 3.]

4

accordance with the Local Rules. LR 7.1(c).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Ecton's Motion to Dismiss **[R. 10]** is **GRANTED**;

2. Plaintiff's Motion to Remand [**R. 11**] is **DENIED** without prejudice; and

3. Plaintiff may seek leave to file her Amended Complaint, consistent with the directives of this Order.

This the 8th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge